### EMMA J. ASHLEY v. THE CONANT BROTHERS FURNITURE CO. AND STURGIS.

ACTION WHEN NOT APPEALABLE.

Where an action is brought by petition upon an account and a mechanic's lien set up, and an issue is taken upon the question as to the amount due upon the account and as to whether the lien was filed in time, *held*, that such case is one triable by a jury and is therefore not appealable, and the question as to whether the lien was filed in time, is one that may be and should be submitted to a jury upon the issues joined, unless the parties waive a jury.

HAYNES, J.

The petition in this case was filed for the purpose of reversing a judgment of the court of common pleas in regard to an amount found by the jury in favor of Sturgis upon his cross-petition as against his co-defendant, Emma J. Ashley, and the question arises largely upon certain alleged extra work which had been performed by Sturgis who was the architect for the Ashley building known as The Monticello.

The case was argued of course upon the facts, but we find, upon examination of the record, that the bill of exceptions was not filed until some sixty-one days after the motion for a new trial had been overruled, and the consequence is that any errors which may have arisen upon the charge of the court—for that matter was discussed some—and upon the amount of the verdict, cannot be reviewed by this court.

It was suggested that the court of common pleas had no jurisdicton to hear this case. The original action was commenced by Conant Bros. against Mrs. Ashley, to recover a certain amount that they claimed for work done upon the building—for the the furniture and furnishings, in the building of the Monticello, a suit upon a mechanic's lien. The record shows that Sturgis was not made a party to this suit originally, but it says that he was ordered to be made a party, and this

seems to have been done, and he may have entered his appearance; at any rate he filed an answer and cross-petition in which he set up that he had performed services as architect for the Ashleys upon the Monticello, and that his services amounted to $3,000; and had also at the request of the Ashleys, furnished plans and specifications for an additional story and for certain mantels and other matters of that kind, of the value which he sets forth in his answer and cross-petition.

For a second cause of action he alleges that he had caused to be filed in proper form a sworn account for the purpose of obtaining a mechanic's lien in accordance with the statute. The Ashleys take issue with him upon the amount of his claim, and also upon the question as to whether or not he had filed his alleged lien within the proper time. The record shows that the case came on to be heard upon the issues joined between the parties, and a verdict was rendered in favor of Conant Brothers for a certain amount, and a judgment was rendered upon that; and also upon the mechanic's lien and the amount ordered to be paid, and in default of payment the premises were to be sold, etc. Subsequent to that, the record states that the case came on to be heard before a jury; and in that case the jury returned a verdict upon the issues joined and a verdict in favor of Sturgis for a certain amount, and that subsequently the court heard the question as to whether or not the mechanic's lien had been filed in time, and found that it had not, and rendered judgment against Sturgis —finding that he had no lien upon the premises. To that judgment Sturgis took an appeal. Ashley took up his case upon petition in error, so far as the judgment is concerned and the verdict of the jury, and it is insisted now that the court had no jurisdiction of that case and had no right to hear it; that the action was simply an action at law upon an account, and that the original case being between Conant Bros. and the defendant, Ashley, upon a mechanic's lien, that the court had no right to bring in Sturgis and allow him to try a case at law upon an account against Mrs. Ashley.

We do not take that view of the case: We think that Sturgis was properly made a party under the claim that he had a mechanic's lien and the mere fact that the court subsequently found that he had no lien upon the premises—by reason of the fact that he had not filed his mechanic's lien in time—did not oust the court of its jurisdiction; the case was properly heard and a judgment rendered upon it and the judgment of the court of common pleas in that matter will be affirmed.

When the appeal case was called, we suggested to counsel that the court had no jurisdiction in the case, for the reason that the case was not appealable and suggested that counsel might take time to look the case up, if he saw fit to do so, and argue the question. Counsel stated that he did not care to argue the question although he thought that the case could be appealed. It would seem that outside of the court and beyond this proceeding, some arrangements have been made whereby Sturgis has been secured—at least some satisfactory measures have been taken in regard to the case and the parties do not care a great deal as to this case whether the appeal is sustained or not. We are of opinion that this appeal ought to be dismissed—that it was never properly taken. Our understanding of the law is that where a case of this kind is brought into court upon a petition upon an account, and a mechanic's lien set up and an issue taken upon the question as the amount due upon the account and as to whether the mechanic's lien was filed in time, that the case is one triable by a jury, and is therefore not appealable, and that the question whether the

mechanic's lien was filed in time, is one that may be and should be submitted to a jury upon the issues joined, unless the parties waive a jury. We think we are sustained in that by a case in the first circuit, in a case substantially like this, and for the reason stated the appeal in this case will be dismissed.

*C. S. Ashley* and *F. E. Wright*, for Plaintiff in Error.

*R. S. Holbrook*, for Defendant in Error.